UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SONNY JAMES MORSE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00282-LEW |
| | ) | |
| WAYNE DOUGLAS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Cumberland County Jail, seeks to assert claims against two county prosecutors and a state court judge as the result of bail proceedings in a state court criminal matter.

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

**DISCUSSION**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1

(1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

First, the Court does not have jurisdiction to review the final judgments and decisions of state courts.  *See Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) ("The *Rooker– Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases

brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)); *Silva v. Massachusetts,* 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance,* 546 U.S. at 463)). To the extent Plaintiff asks the Court to review certain state court proceedings and to overrule or modify a final decision of the state court, the Court lacks jurisdiction to consider Plaintiff's claim.

In addition, Plaintiff's claim against the state court judge is barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)). Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225.

Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, therefore, judicial immunity will bar the claim.

Plaintiff's claim against the county prosecutors for their conduct in the bail proceedings is also barred by the immunity afforded prosecutors. As the court in *Beaulieu v. Quay*, No. 11-cv-514-JL, 2021 WL 1676993 (D. N.H. April 4, 2012) explained,

> Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]dvocacy in connection with a bail application" is a prosecutorial act protected by absolute immunity." *See Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006); *see also, Barreto v. Cnty of Suffolk*, No. 10-789-cv, 2021, WL 169778, at *1 (2d Cir. Jan. 12, 2012) (prosecutor who appears in court regarding a bail issue entitled to absolute immunity from suit (citing *Imbler*, 424 U.S. at 430-31)); *Wiltshire v. Williams*, No. 10 Civ. 6947, 2021 WL 899383, *5 (S.D.N.Y. Mar. 16, 2012) (prosecutor making bail request entitled to absolute immunity).

*Id.* at *3. Furthermore, if Plaintiff seeks to impose liability for prosecutors' decision to initiate criminal proceedings, the prosecutors are also immune from suit. *Imbler*, 424 U.S. at 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy,* 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect— independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so.").

Finally, to the extent Plaintiff raises claims that do not implicate judicial or prosecutorial immunity and challenges ongoing state court proceedings as opposed to final decisions, the doctrine of abstention bars the claims. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts ordinarily abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings, as long as there is an adequate opportunity to raise federal constitutional challenges in state court. *See also, Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Because Plaintiff has not alleged any facts to suggest that he does not have an adequate opportunity to assert federal constitutional claims in state court, abstention is appropriate.

### CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. 1915A, I recommend the Court dismiss Plaintiff's complaint.[1]

### <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] Any claim Plaintiff intended to assert against York County is also subject to dismissal. Because Plaintiff cannot proceed against the prosecutors, to the extent Plaintiff seeks to assert a supervisory claim against York County, that claim also fails. *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (a supervisory official may be liable for the conduct of a subordinate "only if" the conduct of the subordinate results in a constitutional violation and the supervisor encouraged, condoned or acquiesced in the conduct.) Furthermore, municipal liability exists when the evidence demonstrates that a constitutional violation is directly attributable to official municipal policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Massó-Torrellas v. Municipality of Toa Alta*, 845 F.3d 461, 468 (1st Cir. 2017); *Kennedy v. Town of Billerica*, 617 F.3d 520, 531–32 (1st Cir. 2010). The complaint lacks facts that would support a claim that York County maintained a policy that led to a violation of Plaintiff's rights.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of October, 2021.