UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SONNY JAMES MORSE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:21-cv-282-LEW |
| WAYNE DOUGLAS, et als., | ) ) ) | |
| Defendants | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

Sonny James Morse, currently detained or incarcerated at the Cumberland County Jail, seeks in this civil action to secure injunctive (and other) relief that would override a no-contact order that prevents his communication with an alleged intimate associate, the mother of his minor children. Based on his allegations, the no-contact order has been a long-standing condition, imposed without justification, based on what he says is a "blanket" approach to domestic violence cases by the state prosecutor defendants and the presiding Superior Court Judge.

The United States Magistrate Judge filed with the Court, with a copy to Plaintiff Morse, a Recommended Decision After Review of Plaintiff's Complaint (ECF No. 5), pursuant to 28 U.S.C. § 1915A(a). The Magistrate Judge recommends that Morse's complaint be dismissed based on the doctrine of judicial immunity; the doctrine of prosecutorial immunity; and the *Younger* abstention doctrine, which holds that the United States District Court should abstain from the exercise of jurisdiction when a litigant seeks a judicial order that would frustrate or set aside an ongoing state criminal proceeding and

the opportunity exists to raise the federal constitutional challenge in the state courts. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

Morse timely objected to the Recommended Decision. I have reviewed and considered his arguments along with the Recommended Decision and the entire record. I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision.

On the topic of *Younger* abstention, I find that the controversy Morse raises concerning the constitutionality of the no-contact order(s) is subject not only to judicial consideration by the presiding judge, if appropriately raised for his consideration, but also by the Maine Supreme Court on a petition for review, given that there appear to be both an extant Protection from Abuse order underlying this matter and a bail determination that could be reviewed. *See*, *e.g.*, *Childs v. Ballou*, 148 A.3d 291 (Me. 2016) (direct appeal of PFA order); *State v. Felch*, 928 A.2d 1252 (Me. 2007) (appeal of bail conditions, faulting defendant for failure to "seek reconsideration of the conditions" or "fil[ing] a motion for review of bail conditions"). Because Morse's challenge is amenable to review in state court, it is appropriate that he should seek his remedy there.

Finally, to the extent Plaintiff suggests that the case minimally should proceed against York County, I find that in addition to the pleading deficiency observed by the Magistrate Judge in footnote 1 of his Recommended Decision, Plaintiff's suggestion of a viable claim against the County necessarily fails because in the exercise of her discretion

the district attorney defendant is a <u>state</u> official and York County is not a plausible policy-making entity when it comes to the exercise of prosecutorial discretion.

For the foregoing reasons, the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  Plaintiff's complaint is **DISMISSED**.

**SO ORDERED.**

Dated this 10th day of December, 2021.

/s/ Lance E. Walker<br>UNITED STATES DISTRICT JUDGE